## July 1, 1969

No. 69–24 Theodore Brent Marshall, CS2, U. S. Navy v Honorable Melvin R. Laird, Secretary of Defense; Honorable John H. Chafee, Secretary of the Navy; ADM Thomas Moorer, Chief of Naval Operations; RADM Clyde J. Van Arsdall, Commander, Naval Base, Newport, Rhode Island, et al.

On consideration of the "Petition for Habeas Corpus and Certiorari" and the reponse of the Government, from which it appears the petitioner is being held in a navy brig for possible trial by court-martial for unauthorized absence and various alleged offenses in violation of the Uniform Code of Military Justice, including rape, sodomy, and communicating threats to kill, which offenses appear to have been committed in an apartment in a naval dependent housing area adjacent and contiguous to the United States Naval Base at Newport, Rhode Island, at a time when petitioner was allegedly dressed in military uniform and absent without authority from his place of duty, and from which it further appears that the alleged victims of the accused's acts were purportedly dependents of a navy serviceman on duty overseas, but which circumstances the petitioner has not conceded and which he contends do not have sufficient legal effect to confer military jurisdiction over these offenses under O'Callahan v Parker, 395 US 258, and it further appearing that there may be disputed questions of fact to be resolved at trial, It is

ORDERED that the "Petition for Habeas Corpus and Certiorari" be, and the same is, hereby denied with leave to the petitioner to assert the lack of court-martial jurisdiction as to any of the offenses referred to trial and on which he may be arraigned.

## September 5, 1969

No. 69–41 Thomas N. Dolby, PFC, U. S. Army v United States.

On consideration of the "Petition for Writ of Habeas Corpus and Injunction" filed in the above-entitled action, it appearing that petitioner has not applied for deferment of the sentence to confinement in accordance with the provisions of Article 57(d), Uniform Code of Military Justice, 10 USC § 857(d), as amended by Public Law 90–632, 82 Stat. 1335, and it further appearing that the relief sought is predicated entirely upon unsupported information from an undisclosed source, and that the petitioner's eligibility for parole is in nowise established, it is, by the Court, this 5th day of September, 1969,

ORDERED:

That said Petition be, and the same is, hereby denied.

This action is without prejudice to the right of petitioner to support, in an application for deferment of confinement, his contention that there is a policy against releasing on parole individuals whose convictions are in the process of appellate review, and that he is otherwise eligible for parole.